## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**ARTEZ OLIVER**                                                                        **PLAINTIFF**


**v.**                          **No: 3:22-cv-00035 KGB-PSH**


**DOES**                                                                              **DEFENDANTS**


## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Artez Oliver filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 11, 2022, while in custody at the Mississippi County Detention Facility (Doc. No. 1).  On March 7, 2022, mail sent to Oliver was returned as undeliverable (Doc. No. 3).  The same day, the Court entered a text order notifying Oliver that the mail could not be delivered to him because he was no longer at the address he

provided (Doc. No. 4). Oliver was directed to provide notice of his current mailing address no later than thirty days from the entry of the March 7 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend that his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The envelope containing the Court's March 7 order could not be delivered to Oliver because he was no longer at the address he provided, and the envelope was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 5.

More than 30 days have passed, and Oliver has not complied or otherwise responded to the March 7 order. Oliver failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that this case be dismissed without prejudice.

DATED this 13th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE